```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                  :

DMITRIY KHMALADZE, *et al.*,          :

                                  Plaintiffs,   :          1:16-cv-8029-GHW

                                                  :
                     -v -                     :    MEMORANDUM OPINION &
                                                  :                ORDER

MIKHAIL VOROTYNTSEV, *et al.*,    :

                                  Defendants.  :

-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On August 20, 2024, Defendants Aum Code LLC, IT Adapter LLC, and Shoplink Inc. filed a motion for reconsideration of the Court's August 6, 2024 memorandum opinion and order (the "Opinion") granting in part and denying in part Plaintiffs' motion for summary judgment. Dkt. No. 285 (Opinion); Dkt. No. 292 (motion for reconsideration or "Mot."). The Court has reviewed the motion for reconsideration and has determined that it does not provide a basis for the Court to reconsider its previous decision.

### I.    LEGAL STANDARD

      Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016)

(quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II.   DISCUSSION

The Court assumes the parties' familiarity with the facts of the case. *See* Opinion at 2–13. Defendants request that the Court reconsider granting summary judgment to Plaintiffs / Counter-Defendants on the following counterclaims: Shoplink's breach of contract counterclaim, the conversion counterclaim, and Shoplink's unfair competition counterclaim. Because Defendants fail to provide facts or controlling law that the Court overlooked in the Opinion, the Court denies Defendants' motion for reconsideration as to these counterclaims.

### A. Breach of Contract Counterclaim

Defendants offer no evidence overlooked by the Court supporting the conclusion that there was a contract between Mr. Khmaladze and Shoplink. Defendants assert that while there was no written contract, there was in fact an oral contract, which the Court considered in the Opinion. *See* Opinion at 28. Defendants support their argument by referencing the payments Shoplink made to Mr. Khmaladze, the fact that Mr. Khmaladze was hired as the chief technology officer ("CTO"),[1] that there were no other employees hired by Shoplink, and that Shoplink needed the software Mr. Khmaladze was developing. Mot. at 3. However, each of these facts was considered by the Court and rejected because they do not support the conclusion that Mr. Khmaladze and Shoplink formed a contract. Opinion at 28. Defendants also argue that Plaintiffs admitted the existence of a contract. Mot. at 3. However, the facts to which Defendants cite state that Mr. Khmaladze "had an oral or implied contractual relationship with IT Adapter LLC," not with Shoplink. *Id.* Defendants thus fail to offer evidence that the Court overlooked that supports the existence of a contract between Mr. Khmaladze and Shoplink.

Even if these facts warranted reconsideration, this counterclaim still fails because the Opinion states that the Defendants also failed to provide evidence of non-performance by Mr. Khmaladze. Defendants do not address this essential element of the claim in their motion for reconsideration. Thus, the Court will not reconsider Shoplink's breach of contract counterclaim.

### B. Conversion Counterclaim

Defendants do not offer controlling law that counsels in favor of reconsidering summary judgment on Defendants' conversion counterclaim. Defendants argue that the Court's definition of property rights was too narrow and that because Shoplink had a right to possess or use the software

---

[1] It should be noted that the record reflects that Mr. Khmaladze was hired to be the CTO of IT Adapter LLC, not Shoplink. *See* Opinion at 28.

developed by Mr. Khmaladze, Mr. Khalamdze's conduct interfered with Shoplink's property rights. Mot. at 3–4. The only authority Defendants cite on this issue is a New York Superior Court opinion, which is not a controlling but a persuasive authority, and, in any event, that opinion uses language identical to that which this Court used in the Opinion. *See* Mot. at 4. The Court defined conversion as interference of one's "right of possession." Opinion at 30. And the Court held that "Defendants have not pointed to evidence that satisfies the first element of the claim, a '*possessory right or interest*' in the Shoplink Software." *Id.* (emphasis added). Thus, the Court did not overlook the question of whether Defendants had a right to possess or otherwise use the code.

Defendants also offer no new facts to support Shoplink's right to possess the software. Defendants simply reiterate that Shoplink paid Mr. Khmaladze significant sums of money to develop the software for Shoplink's beneficial use. Mot. at 4–5. However, the Court addressed these facts in the Opinion, *see* Opinion at 28, and concluded that Defendant failed to provide any evidence that Shoplink or any of the defendants had a license or any other rights to use the software, *see* Opinion at 30. For these reasons, the Court declines to reconsider summary judgment for Plaintiffs on the conversion counterclaim.

### C.  Unfair Competition Counterclaim

Defendants ask the Court to reconsider the unfair competition counterclaim with respect to their first theory of unfair competition: misappropriation of the Shoplink software. Defendants concede that this theory is not viable given that the Court found that Shoplink did not own the software; nonetheless, Defendants argue that Plaintiffs misappropriated the software because they impeded Shoplink's right to use it. However, Defendants do not provide any citations to case law that supports this contention. Nor do Defendants cite to the record to support their factual assertions. Defendants have thus not given the Court a legal or factual basis on which to reconsider its ruling.

Defendants also argue that the Court was wrong for finding that the software developed for Agnicore was distinct from the Shoplink software. Again, Defendants simply reiterate assertions and arguments that the Court considered in the Opinion and deemed to be "unsubstantiated speculation." Opinion at 36–37. Thus, the Court declines to reconsider granting summary judgment for Plaintiff on Shoplink's unfair competition counterclaim regarding misappropriation of the Shoplink software.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration of the Court's August 6, 2024 summary judgment opinion and order is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 292.

SO ORDERED.

Dated: October 9, 2024
      New York, New York

_____
GREGORY H. WOODS
United States District Judge