```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
DMITRIY KHMALADZE, *et al.*,                                          :
                                                                     :
                                            Plaintiffs,              :     1:16-cv-8029-GHW
                                                                     :
                        -v-                                          :     ORDER
                                                                     :
MIKHAIL VOROTYNTSEV, *et al.*,                                        :
                                                                     :
                                            Defendants.              :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 3, 2024, Defendant Mikhail Vorotyntsev filed a letter addressed to the Court, Dkt. No. 298, raising certain issues and requesting (1) leave to amend his pleadings; (2) reopening of discovery pursuant to Fed. R. Civ. P. 16(b)(4); and (3) reconsideration of the Court's August 6, 2024 partial summary judgment order, Dkt. No. 285. The Court denies the requests for leave to amend the pleadings, to reopen discovery, and to reconsider its partial summary judgment order.

The Court will first address Mr. Vorotyntsev's request for guidance on how to proceed given his status as a *pro se* litigant. The Court has and will continue to refer Mr. Vorotyntsev to the *Pro Se* Office. The *Pro Se* Office is a valuable resource in assisting litigants who proceed in federal court without the assistance of counsel. The *Pro Se* Office is located at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 200, New York, NY 10007 and may be reached at (212) 805-0175. The Court has also referred Mr. Vorotyntsev to the New York Legal Assistance Group *Pro Se* Clinic, which is now operated by the New York City Bar Justice Center ("NYC BJC"). Information about the NYC BJC's Federal *Pro Se* Legal Assistance Project can be found at the following URL: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

### I. The Court denies Mr. Vorotyntsev's request to amend his pleadings.

Because Mr. Vorotyntsev has failed to act diligently with respect to amending his counterclaims and bringing in additional counter-plaintiffs, and because granting his request would prejudice the other parties and unduly extend the litigation, the Court denies the request to amend the pleadings.

The date by which the parties agreed they could file motions to amend the pleadings was set in the Amended Civil Case Management Plan and Scheduling Order ("ACMP"). Dkt. No. 73. Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Young v. Sw. Airlines Co.*, No. 14-cv-1940 (LDH)(RLM), 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (quotation omitted). But the "good cause requirement" is "mandatory." *In re Adelphia Commc'ns. Corp.*, 452 B.R. 484, 497 (Bankr. S.D.N.Y. 2011) (quotation omitted). Thus, the Court's "discretion to grant . . . relief" under Rule 16(b)(4) is "limited by the good cause requirement." *Rupp v. City of Buffalo*, 328 F.R.D. 69, 71 (W.D.N.Y. 2018) (quotation omitted).

"Rule 16 does not set forth a definition of 'good cause.'" *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019). But "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243, 244 (2d Cir. 2007). "The party must show that, despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." *Liverpool v. City of New York*, No. 18-cv-1354 (PAE)(BCM), 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020) (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-cv-3749 (KMW)(DCF), 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009)) (internal quotation marks and alterations omitted). "In undertaking the good cause inquiry, the Court gives solicitude to

[Defendant's] status as a *pro se* litigant." *Langton v. Town of Chester*, No. 14-cv-9474 (NSR)(LMS), 2017 WL 6988708, at *5 (S.D.N.Y. Sept. 26, 2017) (citing *Case v. Clivilles*, No. 12-cv-8122 (TPG), 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016)), *aff'd sub nom. Langton v. Town of Chester Library Bd.*, No. 14-cv-9474 (NSR), 2020 WL 2850898 (S.D.N.Y. June 1, 2020). "This factor, however, must be balanced with the understanding that *pro se* litigants are nevertheless 'expected to make efforts to comply with the procedural rules of the Court.'" *Id.* (quoting *Case*, 2016 WL 5818577, at *3).

Diligence is not the only consideration. "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the opposing party]." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "In determining what constitutes 'prejudice' courts consider whether the assertion of a new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, No. 1:15-cv-2457 (GHW), 2019 WL 1245013, at *5 (S.D.N.Y. Mar. 18, 2019) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "[T]he risk of substantial prejudice increases with the passage of time." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019) (quotation and citation omitted).

Mr. Vorotyntsev has not demonstrated diligence in seeking amendments to his pleadings. The ACMP set the deadline for seeking to amend the pleadings at June 22, 2019. Dkt. No. 73, at 2. Over five years later, discovery has since closed, and the Court has issued a decision on summary judgment. Mr. Vorotyntsev and counsel to the various entities associated with him had an extended period during which to bring in additional claims and additional parties. But he never raised these issues. Further, in his request letter, Mr. Vorotyntsev does not elaborate on what new evidence or

claims came to light to warrant amending the pleadings.

Furthermore, at this time, allowing leave to amend pleadings would significantly prejudice the other parties to this action. The case has lasted an extended period of time and is now trial-ready. Amending the pleadings to add additional claims would likely require the parties to spend substantial time engaging in duplicative motion practice. Amending the pleadings to add new parties would require redoing discovery that was initially completed in November 2020. *Morelli v. Alters*, No. 1:19-CV-10707-GHW, 2020 WL 6508858, at *3 (S.D.N.Y. Nov. 5, 2020) ("The new counterclaims would risk significantly delaying the resolution of the dispute because the parties would likely be required to engage in extensive motion practice to test the sufficiency of the new claims. The new counterclaims would also require some expansion of discovery." (internal citations and quotation marks omitted)).

Because of the lack of a showing of diligence, the insufficient justification for the request, and the risk of significant prejudice, the Court denies Mr. Vorotyntsev's request to amend the pleadings to add additional counterclaims and counter-plaintiffs.

## II.     The Court denies Mr. Vorotyntsev's request to reopen discovery.

For similar reasons, the Court denies Mr. Vorotyntsev's request to reopen discovery. The most recent Case Management Plan and Scheduling Order in this case, Dkt. No. 161, set the deadline for the completion of fact discovery to be October 6, 2020. The Court previously denied multiple requests by Defendants to reopen discovery. *See* Dkt. Nos. 185, 211. Mr. Vorotyntsev had opportunity throughout the discovery process to investigate additional evidence and claims, but instead he waited until after the Court dismissed a number of the claims and counterclaims in this case at summary judgment. "The desire . . . to reopen discovery for the purposes of pursuing new damages theories does not amount to 'good cause' . . . , particularly in light of the prejudice . . . that would . . . ensue[] from additional delay in the already-protracted case." *Emamian v. Rockefeller Univ.*,

823 F. App'x 40, 43 (2d Cir. 2020).

### III. The Court denies Mr. Vorotyntsev's request to reconsider its partial summary judgment order.

Because Mr. Vorotyntsev's letter provides no case law or evidence that the Court overlooked, the Court denies Mr. Vorotyntsev's request to reconsider its partial summary judgment order. Mr. Vorotyntsev "[r]equest[s] reconsideration of the partial summary judgment, under Local Civil Rule 6.3 of the Southern District of New York, in light of a more complete factual record and the complex interplay of the various legal issues involved." Dkt. No. 298. Mr. Vorotyntsev alludes to "several inconsistencies" in the Court's summary judgment order but provides no explanation of what these inconsistencies are or what law or facts would resolve them. *Id.* There is already an outstanding motion for reconsideration filed by the various corporate entities associated with Mr. Vorotyntsev, Dkt. No. 292, which the Court will address in due course. Mr. Vorotyntsev's letter does not add any substantive arguments in support of the outstanding motion, much less any "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). For that reason, the Court denies Mr. Vorotyntsev's request for reconsideration of the Court's partial summary judgment order.

### IV. Conclusion

For the foregoing reasons, the Court denies Mr. Vorotyntsev's requests for leave to amend his pleadings, for reopening discovery, and for reconsideration of the Court's partial summary judgment order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail this order to Defendant Mikhail Vorotyntsev by certified mail.

    SO ORDERED.

Dated: October 8, 2024
       New York, New York

                                              GREGORY H. WOODS
                                           United States District Judge