USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

DMITRIY KHMALADZE,                                  :
                                                    :
                              Plaintiff,            :
                                                    :           1:16-cv-8029-GHW
               -v -                                 :
                                                    :                ORDER
MIKHAIL VOROTYNTSEV, *et al.*,                      :
                                                    :
                              Defendants.   :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On December 30, 2025, Defendant Mikhail Vorotyntsev filed several items on the docket of this case. *See* Dkt. Nos. 379–82. The Court directs the Clerk of Court to strike those entries from the docket.

The only claims that remain in this case are the counterclaims of Defendants Aum Code LLC, IT Adapter LLC, and Shoplink Inc. (the "Corporate Defendants"). Therefore, the Court construes the filings made on December 30 as made on behalf of those Defendants. As the Court has reminded Mr. Vorotyntsev multiple times, he cannot represent the Corporate Defendants. Any filing on behalf of those Defendants must be made by an attorney qualified to practice before this Court. Accordingly, Mr. Vorotyntsev's filings must be stricken.

On October 27, 2025, Mr. William Allinson Thomas appeared in this case on behalf of the Corporate Defendants in advance of a hearing the Court had scheduled for that day. Dkt. No. 377. The Court understands that at that time, Mr. Thomas was not in good standing with the New York State Bar. Mr. Thomas represented at that hearing that he intended to remedy this issue. New York Judiciary Law § 468-a requires that "[e]very attorney . . . shall file a biennial registration statement with the administrative office of the courts . . . ." N.Y. Judiciary Law § 468-a[1]. The failure to do

so "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action." *Id.* § 468-a[5] *see also Matter of Morgado*, 159 A.D.3d 50, 53 (1st Dep't 2018) (noting that "failure to register . . . constitutes" grounds for suspension.).

The New York Rules of Professional Conduct state that that a lawyer shall not "engage in conduct that is prejudicial to the administration of justice." New York State Rules of Professional Conduct 8.4(d). Rule 8.3 obligates the Court to report violations of the Rules of Professional Conduct "to a tribunal or other authority empowered to investigate or act upon such violation." *Id.* at 8.3(a). As of January 6, 2026, Mr. Thomas appears to still be "delinquent" when his name is searched on the New York State Unified Court System website.[1] The Court is therefore considering whether the refer him to the "appropriate appellate division" for disciplinary action. Prior to doing so, the Court will consider any submission by Mr. Thomas on this issue filed no later than January 12, 2026.

The Clerk of Court is directed to strike the entries at Dkt. Nos. 379, 380, 381, and 382 from the docket.

SO ORDERED.

Dated: January 7, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] https://iapps.courts.state.ny.us/attorneyservices/search