USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                 :

DMITRIY KHMALADZE, *et al.*,             :

                                     :

                      Plaintiffs,   :             1:16-cv-8029-GHW

                                       :

               -v –                  :       MEMORANDUM OPINION &
                                       :                 ORDER

MIKHAIL VOROTYNTSEV, *et al.*,      :

                   Defendants.   :

                                                   :

---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Before the Court is William Allinson Thomas's motion to withdraw as counsel for AUM

Code LLC, IT Adapter LLC, and Shoplink, Inc. (collectively, the "Corporate Entities"). Because

there is good cause for Mr. Thomas to withdraw and because his withdrawal would not be too

disruptive to the prosecution of this lawsuit, Mr. Thomas's motion is GRANTED. Because the

Corporate Entities may not proceed without counsel and their counterclaims against Plaintiff remain

in this case, the Corporate Entities are ORDERED TO SHOW CAUSE why their counterclaims

should not be dismissed for failure to prosecute.

## I.      BACKGROUND

This case has a long procedural history that speaks for itself. The Court directs the reader to

the docket of this case for a full review of the history and the facts and reviews the procedural

history of the motion to withdraw here.

On February 27, 2020, Mr. Thomas first appeared in this action on behalf of the Corporate

Entities. Dkt. No. 120. He withdrew on November 17, 2020. Dkt. No. 173. In an affidavit filed

alongside the present motion to withdraw, Mr. Thomas affirms that he received a "limited initial

retainer" in connection with his earlier representation. Dkt. No. 396-1 ("Thomas Aff.") ¶ 3. He

affirms that he received no payment for additional services he performed. *Id.* ¶¶ 3–4.

In the years since his withdrawal, several attorneys entered notices of appearance on behalf of the Corporate Entities. Each of those attorneys have since moved to withdraw. The Court has granted all of those motions. The Court has reminded the Corporate Entities that because they could not proceed without counsel, they would be held in default if counsel did not enter a notice of appearance by the Court's deadline. *See, e.g.* Dkt. No. 203; Dkt. No. 208. The Court has also warned the Corporate Entities that their counterclaims would be dismissed for failure to prosecute if they were unable to retain counsel to prosecute them by deadlines established by the Court. *See, e.g.*, Dkt. No. 329; Dkt. No. 333; Dkt. No. 356.

On September 30, 2025, the Court granted John H. Snyder's motion to withdraw as counsel for the Corporate Entities. Dkt. No. 372. The Court scheduled a status conference to take place in this case on October 27, 2025. *Id.*

The morning of that conference, Mr. Thomas filed another notice of appearance on behalf of the Corporate Entities. Dkt. No. 377. He was also present during the conference, which took place in-person. Mr. Vorotyntsev appeared on his own behalf. Speaking as a representative of the Corporate Entities, Mr. Vorotyntsev assured the Court that though Mr. Thomas had not yet been formally retained, his retention would soon be consummated. Accordingly, the Court scheduled a jury trial to begin on July 13, 2026 and set a deadline for the parties to submit pretrial materials. Dkt. No. 378.

On March 19, 2026, Mr. Thomas became the latest attorney to request to be relieved from his representation of the Corporate Entities in this action. Dkt. No. 394 ("Mot"). Mr. Thomas argued that he should be granted leave to withdraw because he had not been paid and because his relationship with Mr. Vorotyntsev—the Corporate Entities' principal—had irretrievably broken down. *Id.* at 2–3. In his affidavit, he affirmed that he agreed to enter a notice of appearance and appear at the October 27, 2025 conference on the basis of Mr. Vorotyntsev's representations that

Mr. Thomas would be compensated for his prior work and would receive payment for services going forward. Thomas Aff. ¶ 5. The parties do not dispute that Mr. Thomas has not been paid. *See* Mot.; *see also* Dkt. No. 399 ("Opp."). Mr. Thomas also affirmed that he has had "extreme difficulty communicating with" Mr. Vorotyntsev and that Mr. Vorotyntsev had "repeatedly defied [his] counsel, and indeed [his] stern admonitions, in the *pro se* filings [Mr. Vorotyntsev] has made in both this action and the related Tatintsian action." Thomas Aff. ¶ 8.

On March 23, 2026, Mr. Vorotyntsev filed an opposition on behalf of the Corporate Entities. Opp. He raised three principal arguments in opposition to the motion to withdraw. First, he argued that Mr. Thomas's claims of non-payment were unfounded because Mr. Thomas did not provide a written fee agreement prior to his recent retention. *Id.* at 2–3, 6–7. Second, he argued that Mr. Thomas was a "material witness" in this action. *Id.* at 4. And third, he argued that withdrawal would be prejudicial to the Corporate Entities. *Id.* at 5–6. Mr. Vorotyntsev also argued that Mr. Thomas had approved of the former's decision to include the latter's name and signature in a filing docketed in the case captioned 1:16-cv-7203. *Id.* at 3–4.

The motion to withdraw was fully submitted when Mr. Thomas submitted his reply on March 24, 2026. Dkt. No. 402 ("Reply"). Mr. Thomas first pointed out that Mr. Vorotyntsev admits to not paying him. *Id.* at 1. He then argued that nothing in the applicable rules of professional conduct obligated an attorney to work without pay. *Id.* at 1–2. He also objected to Mr. Vorotyntsev's assertion that he had reviewed any filing in the case captioned 1:16-cv-7203. *Id.* Next, Mr. Thomas argued that his purported status as a witness did not justify denying his motion and may make withdrawal mandatory. *Id.* at 3. Finally, Mr. Thomas repeated his assertion that his relationship to his clients had broken down. *Id.* at 3–4.

## II.    LEGAL STANDARD

Withdrawal of counsel is governed by Rule 1.4 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, which provides that:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien . . . . All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.

S.D.N.Y. Local Civil Rule 1.4(b).

When considering a motion to withdraw, a district court must analyze two factors: "the reasons for withdrawal and the impact of the withdrawal on the prosecution of the suit." *Battino v. Cornelia Fifth Ave., LLC*, 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) (citation omitted). "In making its determination, it is well-settled that a court has considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (quotation omitted).

A court may deny an application for withdrawal "where allowing counsel to withdraw would be too disruptive or cause too much delay, especially when the case is on the verge of trial." *Id.* The Court also considers whether "the withdrawal of the reticent attorney [would] work undue prejudice to the client." *Moolick v. Natwest Bank, N.A.*, 1996 WL 411691, at *3 (S.D.N.Y. July 23, 1996).

The Court may look to codes of professional conduct, like New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (the "NYRPC"), in determining what constitutes "good cause" for granting a motion to withdraw as counsel. *See, e.g.*, *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing the Model Code of Professional Responsibility); *Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (citing New York's Code of Professional Responsibility). The NYRPC "govern[ ] the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *SEC v. Gibraltar Global Securities*, 2015 WL

2258173 at *2 (S.D.N.Y. May 8, 2015).  Among other things, the NYRPC addresses both mandatory and permissive withdrawal of counsel.

"Satisfactory reasons [to withdraw] include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client."  *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (citations omitted).

## III.    DISCUSSION

### A.    Mr. Thomas's Motion to Withdraw

Mr. Thomas's motion to withdraw is granted.  He premises his motion to withdraw on nonpayment and his clients' lack of cooperation.  Both are independent reasons to grant his motion.

Mr. Vorotyntsev's failure to pay Mr. Thomas is good cause to grant the motion to withdraw. Rule 1.16(c)(5) of the NYRPC provides that "a lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees[.]"  NYPRC, Rule 1.16(c)(5).  The Second Circuit has held that "deliberately disregard[ing] legal fees "may constitute 'good cause' to withdraw."  *United States v. Parker*, 439 F.3d. 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990)).  And "[a]lthough there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."  *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *1–2 (S.D.N.Y. Feb. 17, 2011) (quoting *Melnick v. Press*, No. 06 CV 6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for

withdrawal under Local Rule 1.4."); *Cower v. Albany Law School of Union University*, No. 04 Civ. 643, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.").

Here, Mr. Thomas has affirmed that he has not been paid a promised retainer in connection for his current representation, and that Mr. Vorotyntsev has not paid him for his prior representation of the Corporate Entities. Mr. Thomas asserted a charging lien in connection with his prior motion to withdraw. *See* Dkt. No. 173. In requesting that Mr. Thomas once again represent the Corporate Entities and appear at the October 27, 2025 conference, Mr. Vorotyntsev agreed to compensate him for his prior work and for future work. Thomas Aff. ¶ 5. Mr. Vorotyntsev has not fulfilled that promise. *Id.* ¶ 7.

At a very basic level, Mr. Vorotyntsev's argument that Mr. Thomas's failure to enter into a written retainer agreement with Mr. Vorotyntsev requires Mr. Thomas to represent Mr. Vorotyntsev is somewhat incoherent: Mr. Vorotyntsev argues that because Mr. Thomas did not enter into an agreement to represent Mr. Vorotyntsev, he must represent him. To the contrary, the lack of an agreement supports Mr. Thomas's position that he cannot be forced to represent Mr. Vorotyntsev here.

The lack of a written retainer between Mr. Vorotyntsev and Mr. Thomas does not absolve Mr. Vorotyntsev of his obligation to pay his attorney. Mr. Thomas affirms that he informed Mr. Vorotyntsev in writing that he would require payment for past services as a condition of their agreement that Mr. Thomas would represent the Corporate Entities going forward. Reply at 1–2. Mr. Thomas previously asserted a charging lien for those services. Dkt. No. 173. Mr. Vorotyntsev does not controvert that he owes his attorney for prior services. He instead argues that Mr. Thomas cannot withdraw on the basis of services rendered in connection with his current representation of the Corporate Entities. Non-payment is good cause to permit Mr. Thomas's withdrawal.

Good cause exists to grant Mr. Thomas's motion to withdraw for the separate reason that Mr. Vorotyntsev's and Mr. Thomas's relationship has broken down entirely. Though Mr. Thomas has not appeared on Mr. Vorotyntsev's behalf in this action, Mr. Vorotyntsev is the principal of the Corporate Entities. Courts in this district have routinely held that "[t]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (quoting *United States v. Lawrence Aviation Inds.*, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)); *see Casper v. Lew Lieberbaum & Co., Inc.*, 1999 WL 335334, at *5 (S.D.N.Y. May 26, 1999) (same); *United States v. Up to $6,100,000 on Deposit in Account No. 15.5876 at Bank Julius Baer Co. Ltd*, 2009 WL 1809992, at *5 (S.D.N.Y. June 24, 2009) ("Withdrawal is [ ] appropriate when irreconcilable differences exist between client and counsel." ).

Such a breakdown of the attorney-client relationship has clearly occurred in this case. Mr. Thomas affirms that he has had extreme difficulty communicating with Mr. Vorotyntsev and that Mr. Vorotyntsev has "repeatedly defied [his] counsel." Thomas Aff. ¶ 8. Mr. Thomas asserts—and Mr. Vorotyntsev does not dispute—that Mr. Thomas has had little success reaching him, despite the imminent deadline for pretrial submissions. Mot. at 2. The acrimony in their relationship is clear from Mr. Vorotyntsev's opposition and Mr. Thomas's reply. In his opposition, Mr. Vorotyntsev suggests that Mr. Thomas is to blame for the Corporate Entities being found in default. Opp. at 4. Mr. Vorotyntsev also appears to connect Mr. Thomas with a purported transnational conspiracy— the details of which Mr. Vorotyntsev has discussed at length in other filings in this case and the case captioned 1:16-cv-7203. *Id.* at 4–5. Such accusations alone establish good cause for Mr. Thomas to withdraw from representation of the Corporate Entities. *See Munoz v. City of New York*, No. 04 Civ. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship

that has developed between the law firm and the plaintiff.").

Mr. Thomas's withdrawal would not be overly disruptive or cause any material delays to this case.[1] Trial on the Corporate Entities' counterclaims is in over three months, and the Court may minimize any disruption by adjourning the deadline for pretrial submissions. The Court can do so while providing sufficient time for the Court to resolve any outstanding issues before the final pretrial conference currently scheduled for June 12, 2026.

Accordingly, the Court grants Mr. Thomas's motion to withdraw and adjourns the deadline for the joint submission of pretrial materials to May 15, 2026.

### B.    The Corporate Entities' Counterclaims

The Court has reminded the Corporate Entities that proceeding without counsel may result in the dismissal of their counterclaims for failure to prosecute. Dkt. Nos. 324, 329, 333. The Court declined to grant Plaintiffs' motion for summary judgment on all of the Corporate Entities' counterclaims on August 6, 2024. Dkt. No. 285. Thereafter, this case has been trial-ready on those claims.

The trial set to take place is scheduled for nearly two years after the Court's summary judgment decision. That is in part because the Corporate Entities have been unable to obtain counsel to represent them. Since the Court's summary judgment order, the Court has granted several attorneys leave to withdraw. *See* Dkt. No. 324 (granting Robert G. Leino's motion to withdraw); Dkt. No. 345 (granting Michael Ian Goldman's motion to withdraw); Dkt. No. 372 (granting John H. Snyder's motion to withdraw). In prior withdrawals, as here, the Corporate

---

[1] The Court construes Mr. Vorotyntsev's arguments about prejudice to concern the potential disruption of finding new counsel. Opp. at 5–6. While the Corporate Entities would need to expend effort to locate new counsel, there would be little prejudice to their preparation for the trial set to begin on July 13, 2026. Mr. Thomas represents that he has not undertaken the "substantial preparatory work" needed to complete the pretrial submissions. Mot. at 2. Therefore, the Corporate Entities' level of preparation for the trial would remain the same should the Court grant Mr. Thomas's motion to withdraw.

Entities have failed to pay counsel, despite a commitment to do so; and there have been substantial breakdowns in the relationship between counsel and their former client. Mr. Vorotyntsev has since accused certain of his former counsel of being participants in the transnational conspiracy against him. He has sought the imposition of sanctions against one, and named him in a separate lawsuit. Trial has twice been scheduled in this case. *See* Dkt. No. 308; Dkt. No. 378. The Court adjourned the prior trial after Mr. Leino withdrew. Dkt. No. 324.

The Court stays the action until April 12, 2026 to permit the Corporate Entities to retain new counsel. As the Court has informed them in the past, they must be represented by counsel. Counsel for the Corporate Entities must enter a notice of appearance by April 12, 2026 for the Corporate Entities' claims to proceed. If counsel fails to enter an appearance by that date, the Court expects to dismiss the Corporate Entities' claims for failure to prosecute. There is no indication that the Corporate Entities have the capacity to pursue their claims by hiring counsel at this stage. Accordingly, the Court orders them to show cause why their claims should not be dismissed for failure to prosecute. The Corporate Entities must do so no later than April 13, 2026.

## IV.    CONCLUSION

For these reasons, Mr. Thomas's motion to withdraw is GRANTED, and the deadline for the parties to submit their pretrial materials is adjourned to May 15, 2026. The Corporate Entities are ORDERED TO SHOW CAUSE no later than April 13, 2026 why their counterclaims should not be dismissed for failure to prosecute.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 396, to terminate Attorney William A. Thomas from the list of active counsel, and to mail a copy of this

order to Defendants.

SO ORDERED.

Dated:  March 30, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge